IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ORLANDO MORRIS,                       *
                                      *
    Plaintiff,                        *
                                      *
vs.                                   *   CIVIL ACTION NO. 22-00167-CG-B
                                      *
SHERRY SULLIVAN, *et al.*,            *
                                      *
    Defendants.                       *

### REPORT AND RECOMMENDATION

This action is before the Court for review. Plaintiff Orlando Morris, an inmate at the Fairhope City Jail, filed a letter which the Court construed as a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1).[1] When Morris initiated this action, he did not pay the filing fee and did not file a motion to proceed without prepayment of fees ("IFP motion"). On May 4, 2022, the Court ordered Morris to refile his complaint using this Court's required form for a § 1983 prisoner complaint, and to pay the $402.00 filing fee or file an IFP motion, by June 3, 2022. (Doc. 2 at 1-2). The undersigned directed the Clerk to send Morris a copy of this Court's current § 1983 prisoner complaint and IFP motion forms. (Id. at 3). The Court warned Morris that failure to comply with the order within the prescribed time or failure to

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

immediately advise the Court of a change in his address would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and obey the Court's orders. (Id.).

In filings dated May 10 and 11, 2022, Morris stated that he had received the Court's "package" at the Fairhope City Jail, but he indicated that jail officials were refusing to provide signatures on "original" documents that, according to Morris, were necessary for him to complete the motion to proceed without prepayment of fees. (See Docs. 3, 4).

In an order dated July 18, 2022, the Court noted that Morris had not filed a complaint using this Court's § 1983 prisoner complaint form and had not filed an IFP motion on this Court's required form as directed. (Doc. 5 at 2). The Court pointed out that although Morris seemed to suggest that his failure to file a completed IFP motion was the result of jail officials' refusal to provide signatures on original documents, he had provided no explanation for his failure to comply with the Court's directive to file his complaint on this Court's required form. (Id.). Upon consideration, the Court *sua sponte* extended the deadline for Morris to file a § 1983 prisoner complaint and an IFP motion on this Court's required forms to August 15, 2022.[2] (Id. at 2-3).

---

[2] The undersigned advised Morris that if jail officials refused or otherwise failed to timely provide him with his inmate financial

The Court further ordered Morris to show cause, on or before August 15, 2022, for his failure to comply with the Court's order of May 4, 2022. (Id. at 3). The Court again directed the Clerk to send Morris copies of this Court's current forms for a § 1983 prisoner complaint and an IFP motion. (Id.). And the Court cautioned Morris that failure to comply with the order within the prescribed time would result in the dismissal of this action for failure to prosecute and obey the Court's orders, and that there would be no further warnings. (Id.).

The order was mailed to Morris at the Fairhope City Jail address listed on each of his filings in this case. (See Docs. 1, 3, 4). On August 1, 2022, the order was returned to the Clerk as undeliverable, with the following notation: "Return to Sender – No One Here By this Name." (Doc. 6). Online searches reflect that Morris is not incarcerated at the Baldwin County Sheriff's Corrections Center and is not in the custody of the Alabama Department of Corrections. Thus, it appears that Morris has been released from custody and has neglected to keep the Court apprised of his current address. Furthermore, Morris has not filed a §

---

statement or to complete the necessary certificate for his IFP motion, he was still required to complete the IFP motion to the fullest extent possible and clearly explain in his motion why was he was unable to obtain the inmate financial statement and/or jail official certificate. (Doc. 5 at 3). The undersigned further advised Morris that if jail officials would sign only copies of the forms provided to Morris by this Court, he was to file the signed copies. (Id.).

1983 prisoner complaint and an IFP motion on this Court's required forms as directed in the Court's order dated May 4, 2022, and although he has attempted to explain his failure to file a complying IFP motion, he has offered absolutely no explanation for his continued failure to refile his complaint on the Court's § 1983 prisoner complaint form.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).³ "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are

---

³ In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

As noted previously, Morris has failed to advise the Court of his change of address despite being specifically warned by the Court that his failure to immediately advise the Court of a change in his address would result in a recommendation that this action be dismissed. (See Doc. 2 at 3). As a result of Morris's failure to advise the Court of his address change, the Court has no way to communicate with him and ensure his compliance with the Court's repeated directives to file his complaint and IFP motion on the Court's required forms. In light of Morris's failure to prosecute this action and failure to obey this Court's orders, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent authority, as no lesser sanction will suffice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **11th** day of **August, 2022.**

                                             /S/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**